THE CITY OF ELKO, A SPECIAL CHARTER MUNICIPAL CORPORATION OF THE STATE OF NEVADA, APPELLANT, *v.* JOHN F. ZILLICH, AND BERNICE ZILLICH, HUSBAND AND WIFE, RESPONDENTS.

No. 14733

June 26, 1984                                        683 P.2d 5

*Vaughn, Hull, Copenhaver & Hansen, Ltd.,* Elko, for Appellant.

*Zane S. Miles,* Elko, for Respondents.

## OPINION

*Per Curiam:*

This is an appeal from a jury verdict awarding respondents John and Bernice Zillich $586,000 as compensation for the taking of their land by appellant, the City of Elko. Appellant contends that the trial court committed numerous errors in admitting evidence upon which the jury based its award. We disagree and affirm the judgment in its entirety.

The city initiated the condemnation of respondent's parcel of land on March 7, 1980, for use in a railroad relocation project. At the time of the condemnation, respondents operated the property as an automobile wrecking yard and made incidental sales of used automobiles and new and used automobile parts. Respondents also lived on the property in a duplex. Although the entire parcel was zoned for general industrial use; the prior existing use of the property as a wrecking yard had been "grandfathered" in, and respondents were permitted to continue that use without applying for a special or conditional use permit. The sole issue for the jury at trial was the amount of compensation respondents should receive for their land. The city's appraiser placed the value of the land at $336,500. Respondents introduced evidence supporting several alternative valuations, including the one eventually chosen by the jury.

Appellant first assigns error to the admission of evidence of sales of comparable properties which were made subsequent to the date of service of process in this case. Respondents' expert testified regarding his opinion of the value of the subject property at around the time respondents were served with the notice of condemnation. His opinion was based upon comparison of the property with a number of other properties which had been sold both before and after this date. Evidence of these comparable sales were admitted to show the basis for the appraisal.

NRS 37.120 requires the measure of compensation to be based upon the value of the land taken on the date of service of the summons. The record indicates that respondents' property was valued as of a date within four days of the date of service, using comparable sales made both before and after this date. The sales figures were adjusted for differences in the size of the parcels and the date of sale, in a manner which was explained to the jury.

Although it is true that in most cases "the best evidence [of market value of real property in condemnation] is found in sales of comparable property within a reasonable time before the taking," the trial court is allowed wide discretion in passing on matters relating to expert testimony in these cases. United States v. 25.02 Acres of Land, Douglas County, Colo., 495 F.2d 1398, 1400-1401 (10th Cir. 1974). We find no abuse of discretion in this instance. The trial court properly determined that the difference in time between the date of summons and the dates of the comparable sales affected the weight of the

evidence and not its admissibility. *See,* Clark Co. School District v. Mueller, 76 Nev. 11, 19, 348 P.2d 164, 168 (1960).

The City also objects to the use of the later comparable sales, contending that these sales were enhanced in value by the railroad project itself. However, respondent's appraiser testified, without contradiction, that his comparable sales analysis did not include any sales which came about as a direct result of the railroad project, nor sales affected by the improvements which were made in conjunction with the project. Consequently, we again perceive no abuse of discretion in the court's admission of these sales into evidence.

Appellant next assigns error to the fact that evidence of more than one highest and best use of the subject property was presented to the jury for its consideration. However, appellant's failure to raise any objection to the presentation of this evidence during trial prevents our review of this issue. NRS 47.040(a). Accordingly, we turn to the next asserted error, i.e., that the methods employed to arrive at the several valuations of the property were improper.

The use accepted by the jury as the highest and best one for the subject property was as an automobile wrecking yard. The judgment awarded represented the value of the land itself plus a twenty percent increment for the value of the grandfathered right to operate a wrecking yard on the site. Appellant stipulated that this right would be transferable had the property been sold on the open market.

Generally, the value of property taken in condemnation proceedings is its market value, defined as "the highest price estimated in terms of money which the land would bring if exposed for sale in the open market, with reasonable time allowed in which to find a purchaser, buying with knowledge of all the uses and purposes to which it was adopted and for which it was capable." State v. Covich, 67 Cal.Rptr. 280, 281-282 (Cal. App. 1968). The court and jury may consider "other elements that can fairly enter into the question of value and which an ordinarily prudent businessman would consider before forming judgment in making a purchase." Tacchino v. State ex rel. Department of Highways, 89 Nev. 150, 152, 508 P.2d 1212, 1213 (1973). In this case, respondents' appraiser testified that the grandfathered right increased the market value of the site by twenty percent of the value of the land without that right. He identified the considerations which went into his analysis, including the parcel's unique location within the city limits and

its rental value as a wrecking yard in that location. Since the value of the grandfathered right was an element which would undoubtedly be considered by a prospective purchaser who anticipated using the land as a wrecking yard, the court did not err in allowing the jury to hear evidence of its estimated value.

Respondents' appraiser also testifed regarding the potential value of the land if it were used as a residential mobile home park rather than as an automobile wrecking yard. Appellant contends that the trial court erred in admitting this testimony because no evidence existed that this use was reasonably probable or that there was a demand for such use in the resaonably near future. We are satisfied, however, that appellant suffered no prejudice from' this alleged error. The jury awarded respondents the exact amount identified as the fair market value of the land with a highest and best use as a wrecking yard. There is no evidence that the alternative valuation as a mobile home park, which actually resulted in a lower sum, affected the jury's deliberations. Even assuming error, a verdict will not be set aside unless it affects the substantial rights of the parties. NRCP 61.

Appellant's final assignment of error centers on respondent John Zillich's testimony regarding the value of the condemned property. The general rule is that an owner, because of his ownership, is presumed to have special knowledge of the property and may testify as to its value. United States v. Sowards, 370 F.2d 87, 92 (10th Cir. 1966). Nevada follows this general rule. *See e.g.,* Dep't of Highways v. Wells Cargo, Inc., 82 Nev. 82, 411 P.2d 120 (1966); Dep't of Highways v. Campbell, 80 Nev. 23, 388 P.2d 733 (1964); State ex rel. Dept. of Highways v. Olsen, 76 Nev. 176, 351 P.2d 186 (1960). The question of the landowner's competency to form an opinion of the land's value may be exposed on cross examination and affects the weight to be given to the testimony, not its admissibility. City of Wichita v. May's Co., Inc., 510 P.2d 184, 187 (Kan. 1973). Therefore, the trial court ruled properly in admitting this testimony. Appellant's further argument regarding this testimony, i.e., that it was given in an improper form, was not raised until its reply brief and need not be considered. *See* Nevada Industrial Comm'n v. Bibb, 78 Nev. 377, 383, 374 P.2d 531, 535 (1962).

No prejudicial error appearing, the judgment and order denying the motion for a direct verdict, new trial or a judgment notwithstanding the verdict are affirmed.