RAE A. WHEELER, BEATRICE WHEELER, BARTSAS REALTY, INC., a Nevada Corporation; CORPORATION OF THE PRESIDING BISHOP OF THE CHURCH OF JESUS CHRIST OF LATTER DAY SAINTS, a Utah Corporation sole; COUNTY OF CLARK, a political subdivision of the State of Nevada, Appellants, v. THE STATE OF NEVADA, ON RELATION OF ITS DEPARTMENT OF TRANSPORTATION, Respondent.

No. 19039

May 18, 1989                                  773 P.2d 728

*Kermitt L. Waters,* Las Vegas for Appellants.

*Brian McKay,* Attorney General, *Roger D. Comstock,* Deputy Attorney General, Carson City, for Respondent.

## OPINION

*Per Curiam:*

This is an appeal from a jury verdict awarding appellants $31,500.00 as compensation for the taking of their land by the State of Nevada. Appellants contend that the State's appraiser used an improper standard to measure the land's fair market value. We disagree and affirm the judgment in its entirety.

The Department of Transportation, State of Nevada, initiated a condemnation action to acquire six tenths of an acre of unimproved land. The land, located approximately one half mile south

of Tropicana Avenue and one half mile north of Russell Road in Clark County, was necessary for the extension of the U.S. 95 freeway. The appellants' primary claim of error is that the State's appraiser used the term "most probable price" rather than the "highest price," when establishing the fair market value of the land taken.

We have clearly defined the term "fair market value" that is to be used in condemnation cases.

Generally the value of property taken in condemnation proceedings is its market value, *defined as "the highest price* estimated in terms of money which the land would bring if exposed for sale on the open market, with reasonable time allowed in which to find a purchaser, buying with knowledge of all the uses and purposes to which it was adopted and for which it was capable." (emphasis added)

City of Elko v. Zillich, 100 Nev. 366, 370, 683 P.2d 5 (1984) (quoting State v. Covich, 67 Cal.Rptr. 280, 281-82 (Cal.App. 1968)). This is the standard to be used in condemnation proceedings in Nevada and every appraiser testifying in these cases should use this standard in valuing real property. Here, the State's appraiser testified that to him the terms "most probable price." and "the highest price" were equivalent, that he used the same methodology he would have followed in finding the "highest price," and that his estimate of the land's fair market value would have been the same using either "most probable price" or "highest price." Additionally, appellants' appraiser used the same methodology as the State's appraiser, and both came to final valuations that were reasonably close.

A review of the entire testimony of the State's appraiser leads to the conclusion that he used the appropriate standard and methodology in arriving at the fair market value of the appellant's property. A trial court is allowed wide discretion in passing on matters relating to expert testimony in these cases, *Zillich,* 100 Nev. at 369, 683 P.2d at 7, and the district court properly exercised its discretion in admitting the testimony of the State's appraiser.

We have reviewed appellants' other claims of error and conclude they are without merit. Accordingly, the district court's judgment is affirmed.