MORT WALLIN OF LAKE TAHOE, INC., Appellant/Cross-Respondent, *v.* COMMERCIAL CABINET CO., INC., a Nevada Corporation, Respondent/Cross-Appellant.

No. 19266

December 28, 1989                    784 P.2d 954

[Rehearing denied March 16, 1990]

*George E. Graziadei* and *Scott M. Cantor,* Las Vegas, for Appellant/Cross-Respondent.

*Lang & Leeds,* Las Vegas, for Respondent/Cross-Appellant.

## OPINION

*Per Curiam:*

This is an appeal from the district court's Supplemental Findings of Facts and Conclusions of Law rendered in response to our original order of remand. In that order, we affirmed the district court's damage award to Commercial Cabinet but remanded for the district court to set out more clearly the basis for Wallin's award. Commercial Cabinet Co. v. Wallin, 103 Nev. 238, 737 P.2d 515 (1987). From the record before us at that time, we could not effectively review the lump sum award to Wallin. *Id.* at 240, P.2d at 517.

Upon remand, the district court determined that $10,000.00 of Wallin's award was for remedial repairs to the defective wall panels and $100,000.00 was for diminution in value to the store. We affirm the $10,000.00 award for cost of remedial repair. Such an award is more than adequately supported in the record, was not contested on appeal and therefore will stand undisturbed by this court. Brandon v. Travitsky, 86 Nev. 613, 615, 472 P.2d 353, 355 (1970).

The defect we perceive in the proceedings below is in the basis for the $100,000.00 award for diminution of value. We agree with the district court that on these facts the award of approximately $350,000.00 sought by Wallin for the cost of removal and completion would have been economically wasteful. Because we agree with the district court's economic waste conclusion, we discern no error in its determination that the appropriate measure of damages is the diminution in the value of the property caused by the breach.

Having agreed with the district court's reasoning and determination regarding the measure of damages, we nevertheless conclude that there is insufficient support in the record for the damages awarded. Appellant claims that there is substantial evidence to support the district court's award. We disagree.

The fact that the property suffered at least some diminution in value seems obvious. However, the record reveals no evidence

directed to an evaluation of the diminished value of the premises as a result of Commercial Cabinet's actual performance compared with the anticipated value of the premises if performance had been rendered as required by the contract between the parties.

The party seeking damages has the burden of proving both the fact of damages and the amount thereof. Kelly Broadcasting v. Sovereign Broadcast, 96 Nev. 188, 193-194, 606 P.2d 1089, 1093 (1980); Alper v. Stillings, 80 Nev. 84, 86-87, 389 P.2d 239, 240 (1964). The latter aspect of the burden need not be met with mathematical exactitude, but there must be an evidentiary basis for determining a reasonably accurate amount of damages. Central Bit Supply v. Waldrop Drilling, 102 Nev. 139, 142, 717 P.2d 35, 37 (1982); Haner v. Quincy Farm Chemicals, Inc., 649 P.2d 828, 830 (Wash. 1982); Reposa v. Buhler, 770 P.2d 235, 230 (Wyo. 1989). Therefore, evidence going only to the fact of diminution in value alone will not, without more, establish a basis for an award of substantial damages.

The plaintiff must provide to the court an evidentiary basis upon which it may properly determine the amount of plaintiff's damages. Short v. Wise, 718 P.2d 604, 609 (Kan. 1986); State ex rel. Stephan v. Wolfenbarger and McCulley, P.A., 690 P.2d 380, 385 (Kan. 1984). This case required qualified expert testimony about diminution in value or other equally competent evidence on the issue. There is no requirement that absolute certainty be achieved. Obviously, once the fact of damage has been established, some uncertainty in the amount is allowed. Bader v. Cerri, 96 Nev. 352, 357-58, 609 P.2d 314, 318 (1980). However, here there is a complete absence of any competent evidence to allow the trier of fact to arrive at any sustainable amount of diminution in value, much less $100,000.00.

Wallin failed to establish a proper evidentiary foundation for the $100,000.00 diminution award granted by the district court. In an attempt to reach fairness and bridge the evidentiary gap in Wallin's evidence, the trial judge personally visited the work site. Such a visit may be helpful in analyzing or understanding evidence of diminution in value; however, it alone cannot be the source of the evidence. The court cannot assume the role of an expert and thereby relieve plaintiff of the need to present evidence in support of its claim. Evidence essential to sustain a damages award must be in the record and available for meaningful appellate review.

Because Wallin failed to carry its burden to reasonably establish the amount of the diminution in property value, it is only entitled to the $10,000.00 for remedial repairs.

We have considered all other issues and objections raised by Wallin but not discussed herein and conclude that they lack merit.

For the reasons noted above, we vacate the $100,000.00 award and affirm the $10,000.00 award for remedial repairs.