*1203
 
 OPINION
 

 Per Curiam:
 

 Appellants were found liable for damage done to respondents’ property. The district court initially entered judgment for respondents on March 31, 1992, in the amount of $19,370.00 for damage to their building, $5,891.50 for damage to their personal property, and, as the prevailing party, their costs incurred in the action.
 

 Respondents filed their memorandum of costs and disbursements pursuant to NRS 18.110, requesting $13,936.76. Appellants filed a motion to retax costs on March 12, 1992, objecting,
 
 inter alia,
 
 to the Westlaw fee of $464.44, and requesting receipts for photocopy, travel, and deposition expenses.
 

 On April 16, 1992, respondents filed a reply to appellants’ motion to retax costs, providing an itemized statement of travel, deposition, and other expenses. Additionally, respondents requested that the $660.00 fee for photocopying listed on respondents’ previously submitted memorandum of costs be increased by $677.12 to cover all photocopy, telephone, and postage costs incurred in the action. Respondents’ request was based on their law firm’s practice of charging 4 percent of a client’s total billable hours fee to cover such expenses, rather than maintaining individual records.
 
 [1]
 
 In respondents’ case, there were 310.50 hours billed, a total of $31,928.00 in billable time, which amounted to a bill of $1,277.16 for telephone, photocopying, and postage charges.
 

 On August 14, 1992, the district court denied appellants’ motion to retax costs. Noting that NRS 18.005 was greatly expanded when subparagraph (16) covering “[a]ny other reasonable and necessary expense incurred” was added, the district court found that none of the expenses listed on respondents’ memorandum of costs appeared unreasonable. Accordingly, the
 
 *1204
 
 court granted respondents’ motion to add $677.12 to the previously listed charge of $660.00 to cover all photocopy, phone, and postal costs.
 

 On April 8, 1992, appellants filed a motion to alter or amend the judgment award for personal property damages from $5,891.50 to $1,530.00 on the basis that the court had improperly used page 1 rather than page 3 of Exhibit “B” to calculate such damages.
 
 [2]
 

 On August 14, 1992, the district court issued an order to amend the judgment, stating that certain items which the court had considered to be damage to personal property in its original order should have been excluded, namely: xeroxing ($15.00), fax copies ($35.00), survey of lot ($500.00), district court filing fees ($89.00), and the subpoena charge ($8.00), which totalled $647.00. Thus, the original judgment for damages to personal property was amended from $5,891.50 to $5,244.50. The district court failed to comment on appellants’ contention that page 3 rather than page 1 of Exhibit “B” should have been used to calculate personal property damages, nor did it address the other items which appellants asserted were improperly considered in calculating personal property damages.
 

 On August 31, 1992, the district court filed an amended judgment, awarding $14,613.92 in costs, plus interest on the entire judgment at the rate of IOV2 percent per annum thereon from the date of the service of the complaint on October 10, 1989. On October 16, 1992, appellants filed this appeal from the amended judgment.
 

 Standard of Review
 

 A district court’s findings will not be disturbed on appeal unless they are clearly erroneous and are not based on substantial evidence. Nevada Insurance Guaranty Association v. Sierra Auto Center, 108 Nev. 1123, 1126, 844 P.2d 126, 128 (1992). When the evidence in the record only supports a portion of the judgment entered, however, the judgment must be reversed to the extent that it is unsupported.
 
 See
 
 Simpson v. International Community of Christ, 106 Nev. 458, 462, 796 P.2d 217, 219 (1990).
 

 
 *1205
 

 Costs for Westlaw charges
 

 The district court awarded respondents costs for Westlaw charges in reliance on NRS 18.005(16), which provides for the recovery of “reasonable and necessary expense[s] incurred in connection with the action.” This award clearly contradicts this court’s opinion in Bergmann v. Boyce, 109 Nev. 670, 856 P.2d 560 (1993), in which we stated: “Construing NRS 18.005(16) narrowly, we hold that computer research expenses are not recoverable costs.”
 
 Id.
 
 at 680, 856 P.2d at 567. In so holding, this court reasoned that attorneys incur computer research expenses as a function of their research of the law, so that the expense is more closely related to the attorney’s fee than to the kinds of recoverable costs defined in NRS 18.005.
 
 Id.
 
 Accordingly, we reverse the award of costs for Westlaw charges.
 

 Costs for photocopying, telephone, and postage expenses
 

 The district court allowed respondents to recover a total of $1,277.16 for photocopying, telephone, and postage expenses based on their law firm’s practice of charging 4 percent of the total billable hours fee for such expenses. The district court noted that the method of calculation used by respondents’ law firm to determine these costs was reasonable, and that had the respondents been charged with every item separately, the costs would have exceeded the amount established by the percentage. It is unclear, however, how the district court made this determination, as nothing in the record appears to list these expenses separately, except respondents’ original memorandum of costs, which lists a $660.00 charge for “photocopying,” and page 3 of Exhibit “B,” which lists a $55.00 charge for “xeroxing.”
 

 Appellants argue that charging an arbitrary 4 percent of total billings is not an accurate way to determine costs in any particular case, and is simply an administrative convenience for respondents’ law firm that should not be imposed on appellants when it comes to paying costs.
 
 See
 
 Smothers v. Renander, 633 P.2d 556, 564 (Haw. Ct. App. 1981) (unspecified postal services not recoverable as costs). We agree.
 

 The determination of allowable costs is within the sound discretion of the trial court; however, statutes permitting recovery of costs are in derogation of common law, and therefore must be strictly construed. Bergmann v. Boyce, 109 Nev. 670, 679, 856 P.2d 560, 565-66 (1993).
 

 
 *1206
 
 NRS 18.005 specifically defines the term “costs” to include “reasonable costs” for photocopies, long distance telephone calls, and postage. A strict construction of the statute, however, requires that the phrase “reasonable costs” be interpreted to mean actual costs that are also reasonable, rather than a reasonable estimate or calculation of such costs based upon administrative convenience. Thus, we conclude that the district court erred in awarding respondents $1,277.16 to cover all photocopying, telephone, and postage expenses without requiring respondents to show actual expenses incurred.
 

 Accordingly, we reverse this portion of the district court order, and remand for a determination of actual photocopying, telephone, and postage costs incurred, and for proper amendment of the judgment.
 

 Personal property damages
 

 Appellants argue that the district court mistakenly awarded the expert witness fee of $1,902.50 twice, once with the award of personal property damages, and once with the award of costs. Appellants are mistaken. Respondents requested and were awarded $7,826.25 in expert witness fees for W. Brown, as listed in their memorandum of costs and disbursements. In their memorandum in reply to appellants’ motion to retax costs, the fees for W. Brown’s engineering report were broken down into two bills, one dated 12-3-91 for $5,923.75, and one dated 5-3-89 for $1,902.50.
 

 At trial, respondents introduced Exhibit “B” into evidence to show the personal property damages that they incurred. This exhibit included a charge of $1,902.50 for a building engineering report on page 3; however, the district court’s personal property damages award totalled $5,891.50, the exact total of the items listed on
 
 page 1
 
 of Exhibit “B.” The $1,902.50 charge is
 
 not
 
 listed on page 1, and thus was not included in the personal property damages awarded by the district court.
 

 Appellants additionally argue that the district court erred in relying on page 1 rather than page 3 of Exhibit “B” in calculating respondents’ personal property damage, and in awarding damages unsupported by respondents’ testimony. We agree.
 

 The party seeking damages has the burden of proving the fact that he was damaged and the amount thereof. Mort Wallin v. Commercial Cabinet, 105 Nev. 855, 857, 784 P.2d 954, 955 (1989). Respondents failed to meet this burden.
 

 
 *1207
 
 As appellants argue, according to the clear testimony of respondent Judith Klindt, page 3 of Exhibit “B” was meant to
 
 replace
 
 page 1 of the same exhibit. Respondent Judith Klindt testified that the items set forth on page 1 of Exhibit “B” were more accurately set forth on page 3. In fact, the district court noted shortly after this testimony: “Page 3 ... is a more accurate description of actual damages claimed.”
 

 A comparison of the two lists reveals the extent of the district court’s error in calculating personal property damages based on page 1 rather than page 3 of the exhibit. The “Antique Sofa” listed on page 1 for $2,500.00 is listed on page 3 at a “repair cost” of only $400.00. The four drawer file cabinet is listed on page 1 for $300.00, but on page 3 for only $200.00. The desk lamp is listed on page 1 for $75.00, but on page 3 for only $40.00.
 

 Additionally, as appellants argue, respondents failed to introduce any evidence of lost propane. However, page 3 lists a loss of propane valued at $116.00, and page 1 lists a loss of propane valued at $86.50. Floyd Klindt’s undisputed testimony was that no propane had been lost. In fact, Floyd Klindt testified that he turned the gas off himself right after the collapse. Thus, the award for personal property damages should not have included any amount at all for lost propane.
 

 Furthermore, respondents failed to introduce any evidence proving damage to their safe. Floyd Klindt’s clear testimony was that the safe had not been damaged by the collapse. Thus, the award for personal property damage should not include the $115.00 loss listed on page 3 of Exhibit “B” for “safe repair.”
 

 Accordingly, we reverse the personal property damage award and remand to the district court with instructions to reduce the award to $2,870.00.
 
 [3]
 

 Interest on the judgment
 

 In its amended judgment, the district court awarded respondents $14,613.92 in costs, plus interest on the entire judgment at the rate of IOV2 percent per annum from the date of the service of the complaint on October 10, 1989.
 

 
 *1208
 
 Appellants argue that since there was no contract between the parties governing the rate of interest, it is governed by NRS 17.130.
 
 [4]
 

 Respondents argue that NRS 17.130(2) expressly allows the district court to set the interest rate on the judgment, since it provides that if no other interest rate is “specified in the judgment,” the rate will be prime rate plus 2 percent. We disagree with respondents’ argument.
 

 First, such language may be intended to cover judgments by confession. Moreover, respondents’ reading of the statute would leave the district court judge with unfettered discretion to set interest rates on judgments, which was most likely not the intent of the legislature, and which is at variance with the common law. At common law, no interest was allowed, and it is only permissible when authorized by statute.
 
 See
 
 Paradise Homes v. Central Surety, 84 Nev. 109, 116, 437 P.2d 78, 83 (1968);
 
 see also
 
 Wilson v. Pacific Maxon, Inc., 100 Nev. 479, 483, 686 P.2d 235, 237 (1984) (“As we have explained, the statutory interest rate was seven percent (7%). The judgment entered below, therefore, must be modified to provide for prejudgment interest at the rate of seven percent (7%) instead of twelve percent (12%).”). Statutes in derogation of the common law should be strictly construed. Bergmann v. Boyce, 109 Nev. 670, 679, 856 P.2d 560, 565-66 (1993).
 
 [5]
 

 Accordingly, we conclude that the district court erred in awarding IOV2 percent interest on the judgment rather than the statutory rate, and reverse and remand this portion of the judgment with instructions to amend the award by applying the statutory rate.
 

 Prejudgment interest on costs
 

 Appellants maintain that the district court order can be read to require prejudgment interest on the award of costs since it provides that interest on the entire judgment should be awarded from the date of service of the complaint.
 

 
 *1209
 
 First, appellants argue that interest should not be awarded on costs at all.
 
 See
 
 National Educators Life Insurance Company v. Apache Lanes, Inc., 555 P.2d 600, 602 (Okla. 1976) (holding that in the absence of statutory authorization, interest cannot be awarded on costs); Cajun Electric Power Cooperative v. Owens-Corning Fiberglass Corporation, 616 So. 2d 645, 647 (La. 1993) (holding that costs are not fixed until judgment is entered and interest can only run on costs when due). We reject this argument based on a plain reading of NRS 17.130, which provides for the recovery of interest on the “judgment.” NRS 17.130(1) refers to “judgments ... for any debt, damages or costs.” Thus, we conclude that the term “judgment” encompasses both damages and costs, so that prejudgment interest is recoverable on costs. Accordingly, we turn to the time from which the interest on costs should run.
 

 In LTR Stage Lines v. Gray Line Tours, 106 Nev. 283, 289, 792 P.2d 386, 389 (1990), we noted that NRS 17.130 did not speak to damages that occurred between service of summons and complaint and judgment. We reasoned that the legislature did not contemplate this problem, and would not want to permit damages to bear interest from the date that the complaint was served even though they were actually incurred some time after the service of the complaint.
 
 Id.
 
 We further noted that to carry interest, damages must be sustained and specifically quantified.
 
 Id.
 
 at 289-90, 792 P.2d at 390. Thus, we held that interest on damages occurring between service of the complaint and judgment would begin when the damage was incurred.
 
 Id; accord
 
 Keystone Realty v. Glenn Osterhus, 107 Nev. 173, 178, 807 P.2d 1385, 1388 (1991) (“Prejudgment interest . . . started to accrue from the date the damages were actually sustained, and not from the date the complaint was filed or the judgment entered.”); Hornwood v. Smith’s Food King No. 1, 107 Nev. 80, 88, 807 P.2d 208, 214 (1991) (“Prejudgment interest on a damage award is only allowed where the damage award is known or ascertainable at a time prior to entry of judgment . . . .”).
 

 Following our reasoning in
 
 LTR Stage Lines,
 
 we conclude that interest on costs should run from the time when the costs were incurred. If a party is unable to prove when costs were incurred, interest on those costs should be awarded only from the time of judgment.
 

 Accordingly, we remand this issue to the district court for a determination of the time when costs were incurred, and an amendment of the judgment in accordance with such determination.
 

 [1]
 

 Attached to the motion was the affidavit of Walter Leberski, office manager of respondents’ law firm. Leberski stated that this method of calculation saved clients money by eliminating administrative costs.
 

 [2]
 

 Appellants arrived at this figure by taking the total on page 3 of Exhibit “B” and subtracting costs for xeroxing, propane, faxes, cleanup expenses, 80 yards of carpet, pad, and installation, 13 geraniums, survey of lot, building engineer’s report, filing fee, safe repair, and subpoena charge — all of which appellants contended were not properly allowed as personal property damages.
 

 [3]
 

 We arrive at this figure by taking the total of the figures listed on page 3 of Exhibit “B” and subtracting the amounts listed for xeroxing, fax copies, survey of the lot, district court filing fees, and the subpoena fee (all of which the district court properly concluded were not items of personal property damage); subtracting the charges for the building engineer’s report (properly awarded as part of costs for expert witness’ fees, not personal property damages); and subtracting the amounts listed for lost propane and safe repair (which the evidence failed to support).
 

 [4]
 

 NRS 17.130 provides, in pertinent part:
 

 2. When no rate of interest is provided by contract or otherwise by law, or specified in the judgment, the judgment draws interest from the time of service of the summons and complaint until satisfied ... at a rate equal to the prime rate at the largest bank in Nevada as ascertained by the commissioner of financial institutions on January 1 or July 1, as the case may be, immediately preceding the date of judgment, plus 2 percent. . . .
 

 [5]
 

 We note that in the instant case, not only did the district court award a rate different from the statutory rate, it failed to give any reason whatsoever for this deviation.