**SHOWCASE MALL JOINT VENTURE, Plaintiff–counter–defendant–Appellant,**

v.

**BOXING HALL OF CHAMPIONS LLC; Boxing Hall of Fame LLC; Multifacet LLC, Defendants–Appellees,**

**Howard P. Milstein, Defendant–counter–claimant–Appellee.**

**No. 06–15438.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 13, 2008.

Filed March 4, 2008.

James R. Olson, Esq., Rawlings Olson Cannon Gormley & Desruisseaux, Las Vegas, NV, Lewis Brisbois Bisgaard & Smith, Los Angeles, CA, Janiece S. Marshall, Esq., Duval & Stachenfeld, LLP, Las Vegas, NV, for Plaintiff–counter–defendant–Appellant.

Michael Infuso, Esq., James J. Pisanelli, Esq., Schreck Brignone Godfrey, Las Vegas, NV, for Defendant–counter–claimant–Appellee.

Before: D.W. NELSON, KLEINFELD, and HAWKINS, Circuit Judges.

## MEMORANDUM *

Boxing Hall of Champions, LLC ("Champions") entered into a commercial lease ("Lease") with Showcase Mall ("Showcase"). Champions intended to use space within the mall to operate a restaurant, museum and retail outlet with a boxing theme. The store never opened, however, and Champions breached the Lease.

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Showcase sued Champions and other defendants for breach of the Lease and a related Guaranty, claiming damages in excess of $24 million. The district court, after a bench trial, determined that Showcase had failed to prove its alleged damages. The court held for defendants, and awarded them, as prevailing parties, attorneys' fees and costs totaling $285,149. Showcase appeals the district court judgment and the attendant fee award.

"The party seeking damages has the burden of proving the fact that he was damaged and the amount thereof." *Gibellini v. Klindt,* 110 Nev. 1201, 885 P.2d 540, 543 (1994); *see also Clark Cty. Sch. Dist. v. Richardson Const., Inc.,* 123 Nev. 39, 168 P.3d 87, 97 (2007). That burden extends to providing the court with an evidentiary basis upon which it may properly determine a reasonably accurate amount of damages. *Mort Wallin of Lake Tahoe, Inc. v. Commercial Cabinet Co.,* 105 Nev. 855, 784 P.2d 954, 955 (1989). At trial, Showcase provided scant evidence and sought a windfall. To support its claim for $24 million in damages, Showcase presented only a demonstrative exhibit reflecting inflated calculations. Its sole witness on the question of damages had no personal knowledge of how Showcase arrived at its estimates. Showcase calculated that it was owed fifteen years worth of future rents, but did not discount its claim to reflect the present value of any such payments. In addition, Showcase sought compensation for capital improvements that would redound to its benefit. Finally, though Showcase sought damages to replace fifteen years worth of future rents, it was revealed on cross-examination that, on the eve of trial, Showcase had sold the building. As the district court held, that

sale obscured Showcase's efforts to prove damages. A large portion of Showcase's purported damages represented future rents, but it had sold the property from which it would potentially have received those rents.

Given the paucity of evidence that Showcase set forth, the district court properly concluded that Showcase did not meet its burden of proving damages.

**AFFIRMED.**