Hardesty, J.,
concurring in part and dissenting in part:
I concur with the majority in all respects, except for one. I dissent from the majority’s conclusion that substantial evidence supports the jury’s award for Winchell’s loss of business.
A jury has broad latitude to determine the award of damages in tort cases; however, the jury’s award must be supported by substantial evidence.[1] “Substantial evidence is ‘that which “a reasonable mind might accept as adequate to support a conclusion.” ’ ”[2] Additionally, when damages are in issue, the party seeking damages has the burden to prove the amount sought,[3] which does not need to be mathematically exact, “but there must be an evidentiary basis for determining a reasonably accurate amount of damages.’ ’[4]
Likewise, “[a] party to a lawsuit may testify as to the value of [his] personal or real property when that value is an issue in the case, and expert testimony is not required.”[5] Similarly, property owners, as well as controlling and managing officers of a corporation, are presumed to have special knowledge of the property and are qualified to comment on its value.[6]
*951 Here, substantial evidence does not support the jury’s award of damages for the lost business. Winchell testified that, in his opinion, the business was worth approximately $500,000. As the business owner, Winchell was qualified to testify to its value, and the jury could properly consider his testimony. However, Winchell offered no explanation to support his opinion that the business was worth $500,000. While the record includes exhibits showing profit and loss statements from 1996-2000, nothing in Winchell’s testimony or in the record connects these financial records to Winchell’s opinion of the value of the business. As recognized by the district court, Winchell merely stated a conclusory value, without further foundation or explanation to support his opinion.
Thus, there was no evidentiary basis upon which the jury could make a resonably accurate award of damages of $210,000. Nothing in the record provided the jury with a method to adjust the value of Winchell’s opinion that the business was worth $500,000. Moreover, the jury could not have reasonably calculated $210,000 by relying on exhibits showing profit and loss which were not used for and did not calculate the business worth. Therefore, I would reverse the judgment of the district court as to the jury’s awarded damages of $210,000.

Quintero v. McDonald, 116 Nev. 1181, 1183, 14 P.3d 522, 523 (2000) (citing Prabhu v. Levine, 112 Nev. 1538, 1543, 930 P.2d 103, 107 (1996)).

Truck Ins. Exch. v. Palmer J. Swanson, Inc., 124 Nev. 629, 633, 189 P.3d 656, 659 (2008) (quoting McClanahan v. Raley’s, Inc., 117 Nev. 921, 924, 34 P.3d 573, 576 (2001) (quoting State, Emp. Security v. Hilton Hotels, 102 Nev. 606, 608, 729 P.2d 497, 498 (1986))).

Mort Wallin of Lake Tahoe, Inc. v. Commerical Cabinet Co., Inc., 105 Nev. 855, 857, 784 P.2d 954, 955 (1989).

Id.

Dugan v. Gotsopoulos, 117 Nev. 285, 288, 22 P.3d 205, 207 (2001).

City of Elko v. Zillich, 100 Nev. 366, 371, 683 P.2d 5, 8 (1984); Dep’t of Hwys. v. Wells Cargo, Inc., 82 Nev. 82, 85-86, 411 P.2d 120, 121-22 (1966).