# IN THE SUPREME COURT OF THE STATE OF NEVADA

PUBLIC EMPLOYEES' RETIREMENT SYSTEM, A/K/A PERS, AN ENTITY; AND CITY OF LAS VEGAS, AN ENTITY,
Appellants/Cross-Respondents,
vs.
TONI L. HARPER, AS REAL PARTY IN INTEREST IN PLACE OF CURTIS HARPER, AN INDIVIDUAL; STEVEN BREEN, AN INDIVIDUAL; CHARLES PULSIPHER, AN INDIVIDUAL; AND MARK FLEISCHMANN, AN INDIVIDUAL,
Respondents/Cross-Appellants.

No. 64987

FILED

JUN 1 0 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## ORDER AFFIRMING IN PART, REVERSING IN PART, AND REMANDING

This is an appeal and cross-appeal from a district court judgment in a tort action concerning public employee retirement benefits. Eighth Judicial District Court, Clark County; Gloria Sturman, Judge.

Respondents were employed by the City of Las Vegas Department of Fire and Rescue and are members of the Public Employees' Retirement System of Nevada (PERS). PERS provides retirement information and counseling to all PERS members. PERS also provides calculations and estimates for various retirement scenarios based on the amount of eligible compensation reported by public employers on behalf of PERS members.

Statutorily, "call-back" pay is not compensable while overtime pay is compensable. The City of Las Vegas (the City) and PERS maintained differing definitions of "call-back" pay. As a result, the City sent inaccurate compensation information to PERS and made excess

contributions to PERS on behalf of respondents while they were employed by the City.

PERS conducted an initial audit of the City, which revealed the inaccurate reporting of "call-back" pay. PERS conducted a subsequent audit directed at the Department of Fire and Rescue that revealed the City's overpayments and misreporting of "call-back" time on behalf of respondents. PERS instructed the City to make adjustments to the compensation reports from July 2004 forward.

Prior to and during the audit, PERS counseled respondents regarding their projected retirement benefits and provided written retirement estimates to respondents. These estimates were based on the inaccurate compensation information and overpayments provided by the City. PERS did not inform respondents of the ongoing and pending audits. As a result of the audits, PERS reduced respondents' retirement benefits to compensate for the City's inaccurate compensation reporting.

Respondents initiated this action alleging breach of contract, negligent misrepresentation, breach of fiduciary duty, and statutory claims against PERS. Respondents also alleged negligent misrepresentation claims and statutory claims against the City. As the parties are familiar with the facts, we do not recount them further except as necessary to our disposition.

The district court determined that PERS was liable under NRS 286.288 and for negligent misrepresentation and breach of fiduciary duty. Additionally, the district court concluded that the City was liable for negligent misrepresentation. The City and PERS timely appealed and respondents cross-appealed the district court's judgment.

On appeal, PERS argues that the district court: (1) erred in finding that PERS is liable to respondents under NRS 286.288, (2) erred in

concluding that PERS is liable to respondents for negligent misrepresentation, (3) erred in concluding that PERS is liable for breach of fiduciary duty, and (4) abused its discretion by awarding speculative future damages. Additionally, the City argues the district court erred in finding that the City was liable for negligent misrepresentation. On cross-appeal, respondents argue that the district court erred in determining that NRS 286.460(7) cannot be applied retroactively to the City's inaccurate reporting and overpayments on their behalf and that PERS is not liable for breach of contract.

For the reasons stated below, we reverse the district court's order as to PERS's liability and affirm it as to the City's liability. We further conclude that the district court abused its discretion by awarding speculative future damages.

*The district court erred in concluding that PERS is liable under NRS 286.288*

PERS first argues the district court erred in finding PERS liable under NRS 286.288. We agree. "We review questions of statutory construction de novo, and we will not disturb the lower court's findings of fact when those findings are supported by substantial evidence." *Ransdell v. Clark Cty.*, 124 Nev. 847, 854, 192 P.3d 756, 761 (2008).

NRS 286.288 states:

> Each participating public employer or group of such employers shall select an employee as liaison officer to certify records and coordinate matters pertaining to retirement between the System and members or participating public employers. The System is responsible for any inaccurate or misleading information provided to any person or agency by an officer or employee of the System but *is not responsible for inaccurate or misleading information provided by an officer or employee of a participating public employer or any other person.*

(Emphasis added.)

Here, the district court found that PERS failed to inform respondents of the potential benefits decrease in counseling sessions and in the benefits estimates. The district court determined that NRS 286.288 expressly holds PERS liable for its own misleading information and omissions. Under the plain language of NRS 286.288, PERS is not responsible for the inaccurate or misleading information provided by the City or for failing to inform respondents of the pending audit. Thus, we conclude that the district court erred in holding that PERS is liable for the City's inaccurate reporting under NRS 286.288.

*The district court erred in finding PERS liable for negligent misrepresentation*

PERS next argues that the district court erred in concluding that PERS is liable for negligent misrepresentation. We agree. Whether PERS made false misrepresentations and respondents justifiably relied on them are questions of fact. *See Epperson v. Roloff*, 102 Nev. 206, 210-11, 719 P.2d 799, 802 (1986). "[T]he district court's findings of fact will not be disturbed on appeal if they are supported by substantial evidence. The district court's conclusions of law, however, are reviewed de novo." *Bedore v. Familian*, 122 Nev. 5, 9-10, 125 P.3d 1168, 1171 (2006).

Here, the district court concluded that respondents justifiably relied on the estimates and information PERS provided, that PERS's estimates are factual in nature, and that employees may reasonably rely on PERS's estimates under *Nevada Public Employees Retirement Board v. Byrne*, 96 Nev. 276, 607 P.2d 1351 (1980).[1] We conclude that respondents

---

[1]The district court's reliance on *Byrne* is misplaced. First, the district court attributes to this court the statement that reliance on

*continued on next page . . .*

did not justifiably rely on PERS's estimates and that PERS had no duty to inform respondents of ongoing or pending audits. *Nelson v. Heer*, 123 Nev. 217, 225, 163 P.3d 420, 426 (2007) ("[T]he suppression or omission of a material fact which a party is bound in good faith to disclose is equivalent to a false representation." (internal quotation marks omitted)); *see also Collins v. Burns*, 103 Nev. 394, 397, 741 P.2d 819, 821 (1987) (stating that "[a] [l]ack of justifiable reliance bars recovery" for misrepresentation). Therefore, we reverse the district court's conclusion that PERS was liable for negligent misrepresentation.

*The district court erred in concluding that PERS was liable for breach of fiduciary duty*

PERS argues that the district court erred in concluding that PERS was liable for breach of fiduciary duty. We agree. This court will not set aside a district court' factual findings unless they are clearly erroneous or not supported by substantial evidence. *Sowers v. Forest Hills Subdivision*, 129 Nev., Adv. Op. 9, 294 P.3d 427, 432 (2013). Substantial evidence is evidence that a reasonable mind might accept as adequate to

---

*. . . continued*

PERS's representations is both detrimental and reasonable. However, that statement was a mere recitation of the lower court's findings in *Byrne*. 96 Nev. at 279, 607 P.2d at 1353. Further, in *Byrne*, PERS mistakenly overestimated an employee's retirement benefit after providing benefit estimates expressly to "enable [the employee] to plan [his] future retirement." *Id.* at 278, 607 P.2d at 1352. Here, PERS provided accurate estimates based on the inaccurate information provided by the City. Additionally, in *Byrne*, this court merely rejected PERS's argument that an employee could not reasonably rely on the PERS Board's representations because they were estimates or opinions and because PERS had inherent statutory authority to correct its mistakes. *Id.* at 279, 607 P.2d at 1353.

SUPREME COURT
OF
NEVADA

(O) 1947A

5

support a conclusion. *Mason-McDuffie Real Estate, Inc. v. Villa Fiore Dev., LLC*, 130 Nev., Adv. Op. 83, 335 P.3d 211, 214 (2014). However, this court reviews a district court's conclusions of law de novo. *Grosjean v. Imperial Palace, Inc.*, 125 Nev. 349, 359, 212 P.3d 1068, 1075 (2009).

Here, PERS had no duty to disclose the active or pending audits to respondents and took adequate steps to provide accurate estimates. *Byrne*, 96 Nev. at 280, 607 P.2d at 1353 ("[A] governmental body, charged with as important a function as the administration of a public employees retirement system, bears a most stringent duty to abstain from giving inaccurate or misleading advice."). Additionally, PERS did not commit tortious conduct such that it breached a fiduciary duty to respondents. *Stalk v. Mushkin*, 125 Nev. 21, 28, 199 P.3d 838, 843 (2009) ("[A] breach of fiduciary duty claim seeks damages for injuries that result from the tortious conduct of one who owes a duty to another by virtue of the fiduciary relationship."). Therefore, we reverse the district court's determination that PERS was liable for breach of fiduciary duty.

*The district court did not err in finding the City liable for negligent misrepresentation*

The City argues that its overpayment of PERS contributions and misreporting of "call-back" time are not sufficient to support respondents' claim of negligent misrepresentation. We disagree.

The district court's finding that the City negligently misrepresented information when it misreported "call-back" time and made overpayments to PERS on behalf of respondents is supported by substantial evidence. The district court did not find that the City made any direct misrepresentation to the respondents. However, the district court correctly determined that the relationship between the City and PERS is sufficient to trigger liability for negligent misrepresentation for

misreporting "call-back" time to PERS on behalf of respondents. *Epperson*, 102 Nev. at 212, 719 P.2d at 803 ("[A] party may be held liable for misrepresentation where he communicates misinformation to his agent, intending or having reason to believe that the agent would communicate the misinformation to a third party."). Additionally, the City provided this information in the course of its business and had a pecuniary interest in respondents' retirement and employment decisions sufficient to trigger liability for negligent misrepresentation. *See* Restatement (Second) of Torts § 552(1) (Am. Law Inst. 1977) ("One who, in the course of his business . . . or in any transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information."). Therefore, we affirm the district court's determination that the City is liable for negligent misrepresentation.

*The district court abused its discretion in awarding future damages*

The City argues that the district court erred by awarding future damages because respondents failed to provide the court with an adequate evidentiary basis to properly determine the amount of damages. The City contends that, because respondents failed to present evidence of the present value of their lifetime benefits and their relative life expectancies, there was insufficient evidence for the district court to make its determination regarding future damages. We agree.

A district court is given wide discretion in calculating an award of damages and an award will not be disturbed on appeal absent an abuse of discretion. *Flamingo Realty, Inc. v. Midwest Dev., Inc.*, 110 Nev. 984, 987, 879 P.2d 69, 71 (1994).

The plaintiff has the burden to prove the amount of damages it is seeking. *Clark Cty. Sch. Dist. v. Richardson Constr., Inc.*, 123 Nev. 382, 397, 168 P.3d 87, 97 (2007). The plaintiff must provide the court with "an evidentiary basis for determining a reasonably accurate amount of damages." *Mort Wallin of Lake Tahoe, Inc. v. Commercial Cabinet Co.*, 105 Nev. 855, 857, 784 P.2d 954, 955 (1989).

We conclude that the district court's determination of damages is not supported by substantial evidence. We further conclude that the district court abused its discretion by failing to consider mortality tables when awarding damages based on the life expectancies of respondents. To determine damages, the district court merely considered respondents' alleged past damages and the monthly amount of future damages when concluding that each of the respondents' damages "will exceed the statutory cap of $75,000" under NRS 41.035.[2] It is important to note that because the district court determined that each of the respondents is entitled to receive the full $75,000 statutory cap from both PERS and the City, the district court implicitly concluded that each respondent's damages exceed $150,000.[3] Other than the birth dates listed on the PERS

---

[2]The version of NRS 41.035 in existence at the time of the misreporting provided for a maximum damages award of $75,000 per claimant. The current version provides for a maximum damages award of $100,000 per claimant. 2007 Nev. Stat., ch. 512, §§ 3.3, 3.5 at 3024-25.

[3]On appeal PERS argued that the district court erred by awarding damages in excess of the statutory cap under NRS 41.035 because the statutory cap applies on a per person per claim basis, regardless of the number of government actors involved. However, the statutory cap in NRS 41.035 is no longer implicated against multiple government actors, as we have reversed the district court's findings of liability as to PERS.

SUPREME COURT
OF
NEVADA

(O) 1947A

estimates provided to respondents, there is nothing in the record discussing the relative probability that each of the respondents will live long enough to reach the statutory cap of $75,000 per claim. We therefore conclude that the district court's award of future damages is not supported by substantial evidence.[4]

Accordingly, we

ORDER the judgment of the district court AFFIRMED IN PART AND REVERSED IN PART AND REMAND this matter to the district court for proceedings consistent with this order.[5]

_____, C.J.
Parraguirre

_____, J.          _____, J.
Hardesty                     Douglas

_____, J.          _____, J.
Cherry                       Saitta

_____, J.          _____, J.
Gibbons                      Pickering

---

[4]On remand, we instruct the district court to develop an adequate evidentiary basis for the respondents' award of future damages consistent with this order.

[5]We have considered the parties' remaining arguments and conclude that they are without merit.

cc: Hon. Gloria Sturman, District Judge
Lansford W. Levitt, Settlement Judge
Las Vegas City Attorney
Woodburn & Wedge
Garman Turner Gordon
Eighth Judicial District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A