**Gertrude HAMACHER,**
**Defendant–Appellant,**

v.

**DECKER LIVESTOCK, INC.,**
**Plaintiff–Appellee.**

No. 56A03–8804–CV–97.

Court of Appeals of Indiana,
Third District.

April 6, 1989.

James T. McNiece, Spangler, Jennings, Spangler & Dougherty, P.C., Merrillville, for defendant-appellant.

Daniel Blaney, Morocco, for plaintiff-appellee.

GARRARD, Presiding Judge.

Gertrude Hamacher appeals from a judgment of the Newton Superior Court which orders her to pay Decker Livestock, Inc.

nine hundred and sixty dollars and seventy-five cents ($960.75).

Hamacher was responsible for an automobile accident involving her car and another owned by Decker Livestock, Inc. After apparently settling all other claims, Decker, Inc. sued Hamacher in small claims court for the loss of use of its automobile while it was being repaired.

The only testimony heard at trial on August 31, 1987 was from Donald Decker, president of Decker, Inc. He testified that the car involved in the accident was a 1984 De–Eligance Cadillac owned by Decker Livestock, Inc. and operated by one of its cattle buyers. He explained that cattle buyers operate out of five different livestock buying stations in Indiana and Illinois and their cars, including the one damaged in the accident, are specially equipped with mobile telephones which can be used to place calls throughout the United States. Decker also estimated that the cattle buyers' cars are driven sixty-five thousand to seventy-five thousand (65,000 to 75,000) miles per year.

Decker further testified that after the accident with Hamacher he tried to rent a comparable automobile from Hertz O'Hare. The cost for such a replacement would have been twelve hundred and eighty-nine dollars and eighty-three cents ($1289.83) per month. Decker would have also had to pay thirty cents (30¢) per mile for each mile over three thousand (3000). In addition to the rental cost of the automobile, Decker testified that to have a mobile telephone installed in a replacement car would cost two hundred dollars ($200) and to have it removed would cost one hundred dollars ($100). The rental cost of a telephone is twenty-nine dollars ($29) per month plus an additional ten dollars and ninety-five cents ($10.95) per day for insurance.

Decker stated that due to the expense of renting a replacement automobile, he chose to replace the Cadillac with his wife's Lincoln Continental, which was equipped with the necessary telephone. His wife had to drive a pickup truck for the twenty-one (21) days it took for the Cadillac to be repaired.

At the close of Decker's testimony the trial court ordered Hamacher to pay Decker, Inc. nine hundred and sixty dollars and seventy-five cents ($960.75) in damages. The trial court arrived at this amount by estimating that the cattle buyers drive their cars approximately five thousand five hundred (5500) miles per month. This was prorated by the twenty-one (21) days the Cadillac was being repaired for an estimated three thousand eight hundred and forty-three (3,843) miles driven during the period of repair. The trial court then multiplied the mileage, 3,843, by twenty-five cents (25¢) to arrive at the total damage award of $960.75.

Hamacher appeals. Rephrased, her sole contention is that since there was no evidence that Decker actually rented a car from anyone, there can be no recovery.

Her argument misperceives the nature of the claim. The claim was for loss of use during the period the vehicle was being repaired. That is a proper damage element in cases for injury to personal property. *Persinger v. Lucas* (1987), Ind. App., 512 N.E.2d 865 and cases cited therein. It is undisputed that Decker lost the use of its damaged Cadillac for a twenty-one day period while it was being repaired.

When lost use is the damage, Indiana law provides that the ordinary measure of that damage is the fair rental value of the item. *Persinger, supra.* That is to say, fair rental value determines the monetary amount for the sustained loss. It would apply to reduce liability had Decker rented an excessively expensive replacement. And it applies, as here, where Decker rented no replacement at all.

The judgment is affirmed.

HOFFMAN and BUCHANAN, JJ., concur.