868 P.2d 648

**Tom CRESS, Plaintiff–Appellant,**

v.

**Robert SCOTT d/b/a Western Auto Electric, Defendant–Appellee.**

**No. 21205.**

Supreme Court of New Mexico.

Jan. 18, 1994.

Watrous & Reardon, Thomas S. Watrous, Terry Allbrooks, Albuquerque, for plaintiff-appellant.

Civerolo, Wolf, Gralow & Hill, P.A., Lawrence H. Hill, RaMona G. Bootes, Albuquerque, for defendant-appellee.

## OPINION

RANSOM, Chief Justice.

Tom Cress appeals from the grant of a partial summary judgment against him and in favor of Robert Scott, doing business as Western Auto Electric. Based on its reading of the New Mexico uniform jury instructions, the trial court dismissed Cress's claim for loss-of-use damages in his suit for breach of an automobile repair contract. We reverse.

*Facts.* In June 1988, Cress purchased a used Maserati automobile for use in his insurance sales business. Cress drove the vehicle to and from work for approximately one and one-half years. On January 10, 1990, the vehicle would not start and he had it towed to Scott's repair shop. Cress authorized Scott to repair the Maserati's timing system, including the timing belt and six bent intake valves. Following Scott's repairs, Cress drove the vehicle forty to fifty miles over approximately six weeks. Cress believed that the vehicle still had a rough idle and took it to Perfection Motor Cars for a checkup. The mechanics at Perfection determined that the car needed a major rebuilding of the engine and that the timing system had been repaired incorrectly. During the time that Perfection worked on his vehicle, Cress borrowed his daughter's vehicle, rode the city bus, or rode his bicycle to work, but he did not actually rent a substitute vehicle.

*Proceedings.* Cress sued Scott for breach of contract and negligent workmanship. As part of the complaint, Cress sought damages for the loss of use of his vehicle. Scott filed a motion for partial summary judgment on the claim for loss of use. The trial court granted the motion and dismissed that claim with prejudice, holding that because Cress did not actually rent a substitute vehicle he could not be awarded loss-of-use damages. In a subsequent bench trial on the remaining issues, the trial court awarded Cress damages for Scott's negligent repair.

■ *Uniform Jury Instruction 13–1818 was not determinative in this case.—The* trial court's reliance on UJI 13–1818 and the committee's comment was misplaced. The New Mexico uniform jury instructions define loss-of-use damages as "[t]he reasonable rental of similar property used during the time reasonably required for the repair of the damaged property." SCRA 1986, 13–1818 (Repl.Pamp.1991). The committee comment to this instruction states that "[d]amages for loss of use are not recoverable unless ... other property was, in fact, rented." *Id.* Although the trial court did not make express findings on this issue, it is apparent that it relied on the committee comment in making its determination that actual rental is required before a plaintiff can be awarded loss-of-use damages.

■ It is proper to measure loss-of-use damages by the actual rental costs reasonably incurred if an individual has rented a substitute vehicle. *See Chesapeake & O. Ry. v. Elk Ref. Co.,* 186 F.2d 30, 32–33 (4th Cir.1950); *Earl Williams Constr. Co. v. Thornton & Brooks, Inc.,* 501 So.2d 1037, 1041 (La.Ct.App.1987). When inserted into the general form instruction on the measure of damages (UJI 13–1802), UJI 13–1818 appropriately defines loss-of-use damages for cases in which the plaintiff can prove the rental of "similar property used." But, the directions for use of UJI 13–1818 logically limit its application to "proper circumstances." If similar property was not rented and used, employment of this instruction is improper. As to recoverability of loss-of-use damages without actual rental cost, the committee comment is in error.

■ The only authority specifically cited in the committee comment to UJI 13–1818 is *Curtis v. Schwartzman Packing Co.,* 61 N.M. 305, 299 P.2d 776 (1956). In *Curtis,* this Court approved a jury instruction that would allow an award of damages for total loss of a vehicle or repair costs plus loss of use, but not both. *Id.* at 309–10, 299 P.2d at 779. *Curtis* did not, however, address the issue of whether actual rental was required to prove loss-of-use damages nor could the requirement be implied from the holding of the case. In any event, the committee comment is not the law of New Mexico, *see O'Hare v. Valley*

*Utils., Inc.*, 89 N.M. 105, 112, 547 P.2d 1147, 1154 (Ct.App.) (stating that committee comments are not equivalent to the directions for use), *rev'd on other grounds*, 89 N.M. 262, 550 P.2d 274 (1976), and comments must stand on their own merit without implied endorsement of this Court.

■ *–Reasonable rental value is an appropriate measure of damages in the absence of actual rental.* In *Fredenburgh v. Allied Van Lines, Inc.*, 79 N.M. 593, 446 P.2d 868 (1968), a case involving the loss of use of furniture without actual rental of substitutes, this Court stated that, for the requisite showing with available accurate evidence, "[t]he measure of damages for the loss of use sustained is the rental value of property similar to that damaged for the time reasonably necessary to make repairs ... or, if the property has no rental value, the value of its use to the deprived party for the time reasonably necessary to make repairs." *Id.* at 600, 446 P.2d at 875 (citations omitted). The *Fredenburgh* holding does not require a plaintiff to prove actual rental to recover loss-of-use damages and, in fact, provides specifically for an award of loss-of-use damages when there is no actual rental. The *Fredenburgh* opinion is in accord with the rulings of many of our sister states. *See* Charles C. Marvel, Annotation, *Recovery for Loss of Use of Motor Vehicle Damaged or Destroyed,* 18 A.L.R.3d 497, 528–32 (1968 & Supp.1993) (citing cases from California, Colorado, Florida, Kentucky, Louisiana, Mississippi, Missouri, New Jersey, New York, Ohio, South Carolina, Tennessee, Washington, and West Virginia that hold that a person need not prove actual rental to obtain loss-of-use damages). We today reaffirm that loss-of-use damages may be measured by the reasonable rental value of a substitute vehicle, even in the absence of actual rental.

■ *–The trial court should fashion its own instruction when the uniform jury instructions do not apply.* Rule 51 of the New Mexico Rules of Civil Procedure states that if the trial court determines that the jury should be instructed on an issue "the [uniform jury instruction] shall be used *unless under the facts or circumstances of the particular case the published [uniform jury in-*

struction] is erroneous or otherwise improper, and the trial court so finds and states of record its reasons." SCRA 1986, 1–051(D) (Repl.Pamp.1992) (emphasis added). Because UJI 13–1818 was not determinative in this case, the trial court should have fashioned its own instruction on loss-of-use damages.

■ *The requirement of "reasonableness" in the measure for loss-of-use damages.* The purpose of awarding loss-of-use damages is to provide reasonable compensation for inconvenience or monetary loss suffered during the time required for repair of damaged property. If an individual avoids the inconvenience by actually renting substitute property then the measure of damages is the actual cost of the substitute. As we have reaffirmed above, if the individual cannot avoid the inconvenience, for financial reasons or otherwise, that person still may recover reasonable compensation. Just as actual rental must be "reasonable" under UJI 13–1818, so too must "rental value" be reasonable as a measure of loss-of-use damages in the absence of actual rental. The *Fredenburgh* opinion, however, offers no guidance in defining what factors should be considered in determining "reasonable rental value."

The reasonable rental value of substitute property is a better measure of inconvenience than mere conjecture, *see Fredenburgh,* 79 N.M. at 600, 446 P.2d at 875 (stating that loss-of-use damages would not be allowed for inconvenience if plaintiff could provide evidence of reasonable rental value of similar property but fails to do so); yet, in both cases of actual rental and cases in which rental property is available but not used, rental cost is evidence of the damages but is not conclusive on the issue. The damages should be limited to the reasonable period of time needed to make repairs and this period should be extended only if the defendant causes or adds to any delay. In this case, facts relevant to inconvenience damages include: Cress may have been financially unable to rent a substitute vehicle; Cress borrowed his daughter's vehicle, rode his bike, and rode the bus while his vehicle was under repair; Cress could not find a vehicle of similar stature to use in his insurance busi-

ness; and Cress did not authorize Perfection to start work on repairs for nearly three months.

The fact that an individual has another vehicle available does not preclude that person from proving loss-of-use damages, though the inconvenience to that person may be shown to be less than if another vehicle was unavailable. If the substitute vehicle is provided gratuitously by a third party, however, the wrongdoer should not benefit by such gratuitous aid. *See McConal Aviation, Inc. v. Commercial Aviation Ins. Co.*, 110 N.M. 697, 700, 799 P.2d 133, 136 (1990) (stating that the injured party, not the wrongdoer, should receive benefit of aid from a collateral source). Arguably, the actual use of a similar vehicle provided gratuitously would in fact fall within UJI 13–1818 because the third party is essentially providing the injured party with the costs of replacement and such costs are recoverable under the collateral source rule. *See Scott v. Southern Ry.*, 231 S.C. 28, 97 S.E.2d 73, 76 (1957) (stating that rental value of car used is proper measure of damages even though substitute vehicle was "furnished gratis" by a third party). Still, UJI 13–1818 was not determinative in this case because it did not cover the full extent of Cress's inconvenience damages in that, although Cress borrowed his daughter's vehicle, he also had to ride his bike or the bus to work.

*Conclusion.* We reverse the trial court's partial summary judgment and remand this case for a new trial on the issue of damages.

**IT IS SO ORDERED.**

FRANCHINI and FROST, JJ., concur.