LORI A. DUGAN, Appellant, *v.* DENNIS GOTSOPOULOS AND EVELYN ROSS, Respondents.

No. 32187

May 7, 2001

22 P.3d 205

*Needham & Needham*, Las Vegas, for Appellant.

*Hafen, Talbot, Porter & Greene, Ltd.*, and *Kenneth A. Cardone* and *Cookie L. Olshein*, Las Vegas, for Respondents.

Before SHEARING, AGOSTI and LEAVITT, JJ.

## OPINION

*Per Curiam:*

This is an appeal from a plaintiff's judgment, pursuant to a jury verdict, awarding medical expenses and damages for pain and suffering to appellant, Lori A. Dugan, for injuries sustained from a car accident with respondent, Dennis Gotsopoulos. Dugan argues on appeal that the judgment should be reversed and she should be granted a new trial because the district court improperly excluded evidence on the value of her car and rental car costs for consideration as loss of use damages. Dugan also contends that the dis-

trict court erred by allowing respondents' non-admitted enlarged photographs of the accident scene into the jury room. We agree that these evidentiary rulings were error, and we reverse the judgment of the district court and remand for further proceedings.

## FACTS

On May 17, 1995, Dugan was involved in a car accident with Gotsopoulos, who was driving a car owned by Evelyn Ross. Dugan sustained physical injuries and substantial damage to her car, a 1988 Pontiac Firebird, rendering the car virtually undrivable. Dugan filed a complaint in negligence against Gotsopoulos and Ross to recover damages for her physical injuries, car damage and repairs, and loss of the car's use. She requested $2,843.95 for medical expenses, $2,800.00 for car repairs, and an unspecified amount for loss of use.

Dugan took her car to the Auto Magic Paint and Body Center to obtain a repair estimate. Auto Magic gave her a written estimate of approximately $2,800.00 to repair the damage. Dugan, however, decided not to repair the car immediately because of the cost. Although Dugan knew the car was dangerous to drive, she continued to do so occasionally since she had no other car and could not afford to fix it or rent another one. Throughout litigation, the car's condition deteriorated, and Dugan eventually sold the car for scrap value.

At trial, Dugan attempted to introduce the written repair estimate and other evidence of compensatory damages. Defense counsel objected and argued that before Dugan could introduce that evidence, she had to prove that the cost of repair was less than the market value of the car. To do so, Dugan offered the Kelley Blue Book value of her car. The district court declined to take judicial notice of the Blue Book value. After the district court refused to allow purported experts to testify to the repair costs and the value of the car, Dugan attempted to testify herself on the value of the car both when she bought it and when she sold it after the accident. Defendants' objection was sustained on the grounds that Dugan lacked sufficient knowledge to testify as to value.

Dugan also attempted to introduce evidence of rental car costs as probative of loss of use damages, even though she did not actually rent a replacement vehicle. The district court concluded that Dugan needed a rental car expert to testify as to the cost she would have incurred absent specific pecuniary loss. Therefore, the district court refused to consider loss of use damages and denied the requested jury instruction on that issue because Dugan failed to provide expert testimony on loss of use damages.

After the close of Dugan's case, respondents moved for a directed verdict under NRCP 41(b) on the issue of compensatory

and loss of use damages because Dugan had failed to provide proper evidence of value. The district court granted the motion, concluding that Dugan needed two experts to testify about these subjects. The jury returned a verdict in Dugan's favor and awarded her $2,843.95 in medical expenses and $5,200.00 in past pain and suffering, for a total of $8,043.95. The jury also found Dugan to be forty percent comparatively negligent and reduced her award to $4,826.37.

After the trial, the district court and the parties discovered that during deliberations, the jury requested the parties' enlarged photographs of the accident scene. Neither set of photographs had been admitted into evidence. The bailiff gave the jury respondents' photographs, but did not provide appellant's photographs. This timely appeal followed.

## DISCUSSION

Dugan's main assignments of error relate to the improper exclusion of evidence regarding compensatory and loss of use damages. We agree that the district court abused its discretion in excluding certain evidence. Therefore, we reverse the judgment and remand.

The district court abused its discretion by refusing to permit Dugan to testify about the value of her car as it pertained to the issue of compensatory damages. A party to a lawsuit may testify as to the value of her personal or real property when that value is an issue in the case, and expert testimony is not required.[1] The jury may consider this testimony for its weight in conjunction with other evidence of value.[2] Here, this testimony was relevant to the jury's consideration of Dugan's compensatory damages.

Furthermore, the district court refused to allow the Kelley Blue Book as evidence of the vehicle's value. NRS 51.245 provides: "Market quotations, tabulations, lists, directories or other published compilations, generally used and relied upon by the public or by persons in particular occupations, are not inadmissible under the hearsay rule." The Kelley Blue Book is a publication that is generally used in the automobile industry as a price list and generally relied on by persons in the trade to determine the value of an automobile.[3] In addition to her own testimony, Dugan should

---

[1]*Lucini-Parish Ins. v. Buck,* 108 Nev. 617, 621, 836 P.2d 627, 630 (1992) (citing *Jones v. Northside Ford Truck Sales, Inc.,* 556 P.2d 117, 121 (Or. 1976)); *City of Elko v. Zillich,* 100 Nev. 366, 371, 683 P.2d 5, 8 (1984).

[2]*Jones,* 556 P.2d at 122.

[3]*Curtis v. Schwartzman Packing Company,* 299 P.2d 776, 778 (N.M. 1956).

have been allowed to present the value of her automobile through the Kelley Blue Book.

The district court also should have allowed Dugan to testify about rental car costs and to recover loss of use damages. A party may recover loss of use damages for the time period in which that party has lost use of her personal vehicle as a result of damages to her automobile.[4] These damages may be measured by reasonable rental car costs for a reasonable period within which to repair the vehicle.[5] A party need not actually rent a vehicle to recover loss of use damages if that party is financially unable to rent a substitute vehicle.[6] "The owner has suffered compensable inconvenience and deprivation of the right to possess and use her chattel whether or not a substitute was obtained."[7]

The district court's refusal to permit Dugan to testify about rental car costs, and its refusal to permit the jury to consider loss of use damages, was reversible error. Whether Dugan actually rented a car was irrelevant because she was still entitled to have the jury consider her loss of use damages.

Moreover, in order to establish loss of use damages, expert testimony is not required. None of the cases involving loss of use damages requires expert testimony to establish value, and courts have permitted the party to testify about rental car rates as long as that person had some basis for the valuation.[8] Loss of use damages may also be awarded for the inconvenience of loss of use based on individual circumstances, to which the party can testify.[9] Thus, Dugan should have been permitted to testify to establish the value of rental car rates as long as an adequate basis for her

---

[4]*See, e.g., Tremeroli v. Austin Trailer Equipment Co.,* 227 P.2d 923, 935 (Cal. Ct. App. 1951); *Airborne, Inc. v. Denver Air Center, Inc.,* 832 P.2d 1086, 1089 (Colo. Ct. App. 1992); *Lenz Const. Co. v. Cameron,* 674 P.2d 1101, 1103 (Mont. 1984); *Cress v. Scott,* 868 P.2d 648, 651 (N.M. 1994).

[5]*See, e.g., Hamacher v. Decker Livestock, Inc.,* 536 N.E.2d 304, 305 (Ind. Ct. App. 1989); *Lenz,* 674 P.2d at 1103; *Cress,* 868 P.2d at 651.

[6]*See, e.g., Airborne,* 832 P.2d at 1089; *Lenz,* 674 P.2d at 1103; *Camaraza v. Bellavia Buick Corp.,* 523 A.2d 669, 670-71 (N.J. Super. Ct. App. 1987); *Cress,* 868 P.2d at 651; *Graf v. Don Rasmussen Co.,* 592 P.2d 250, 254 (Or. Ct. App. 1979); Charles C. Marvel, Annotation, *Recovery for Loss of Use of Motor Vehicle Damaged or Destroyed,* 18 A.L.R.3d 497, 528-32 (1968 & Supp. 2000).

[7]*Graf,* 592 P.2d at 254.

[8]*See, e.g., Cress,* 868 P.2d at 651-52; *Lenz,* 674 P.2d at 1103; *Airborne,* 832 P.2d at 1089-90; *Hamacher,* 536 N.E.2d at 305; *Camaraza,* 523 A.2d at 671-72.

[9]*See Camaraza,* 523 A.2d at 671-72; *see also Cress,* 868 P.2d at 651-52.

knowledge was presented.[10] It is unclear from the record whether or not she had a proper basis, but the district court did not even allow her to attempt to establish such a basis. This ruling was error.

Finally, the district court erred by allowing respondents' enlarged photographs of the accident scene, which had not been admitted into evidence, into the jury room during deliberations. It was prejudicial error to allow the unadmitted photographs into the jury room, especially when only the photographs favoring one side were provided.[11] In a civil case, when an improper item is brought into the jury room, and that item has the tendency to influence the verdict in contravention of legal proofs and the court's instructions at trial, it is reversible error.[12]

An issue in this trial was Dugan's comparative negligence for the accident. Therefore, the differing photographs representing each party's theories as to whose actions contributed to the accident and resulting damages were designed to have a direct impact on the jury's verdict. Because the jury was only able to consider respondents' enlarged photographs and not Dugan's, this disparity had a tendency to influence the jury's verdict in assessing comparative negligence. As this error was prejudicial to Dugan in the apportionment of liability, such error is reversible.

## CONCLUSION

We conclude that the district court abused its discretion by failing to permit Dugan to present evidence about both the value of her car before and after the accident, and the reasonable rental value of a replacement as probative of loss of use damages. In addition, we conclude that the admission of the non-admitted enlarged photographs was prejudicial and reversible error because comparative fault was an issue in the case. We therefore reverse the judgment of the district court and remand for further proceedings consistent with this opinion.

---

[10]See NRS 50.025; NRS 50.265.

[11]See Winiarz v. State, 107 Nev. 812, 814, 820 P.2d 1317, 1318 (1991) (criminal); see also Granite Construction v. Rhyne, 107 Nev. 651, 652 n.1, 817 P.2d 711, 712 n.1 (1991) (civil).

[12]See Granite Construction, 107 Nev. at 652 n.1, 817 P.2d at 712 n.1.