An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

EDDIE J. TAYLOR A/K/A EDDIE JOE PAREY,
Appellants,
vs.
THE STATE OF NEVADA,
Respondent.

No. 61065

**FILED**

MAY 1 4 2013



TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal under NRAP 4(c) from a judgment of conviction entered pursuant to a jury verdict of possession of a stolen vehicle and grand larceny. Eighth Judicial District Court, Clark County; David B. Barker, Judge.

First, appellant Eddie Taylor contends that the district court erred by denying his pretrial motion to suppress statements that he made to the police. He argues that Officers Mitchell and Moon should have advised him of his Miranda[1] rights before questioning him because they had substantial evidence that a felony was associated with his residence. We review a district court's factual findings regarding the circumstances of an interrogation for clear error and the district court's ultimate determinations as to the suspect's custodial status and voluntariness of his statement de novo. Rosky v. State, 121 Nev. 184, 190, 111 P.3d 690, 694 (2005). Here, the district court conducted a hearing, considered the totality of the circumstances—including witness testimony, whether objective indicia of arrest were present, the length and form of the

[1]Miranda v. Arizona, 384 U.S. 436 (1966).

13-14266

questioning, and whether Taylor voluntarily responded to the questions—and found that Taylor was not in custody and his statements were made voluntarily. See State v. Taylor, 114 Nev. 1071, 1081-82 & n.1, 968 P.2d 315, 323 & n.1 (1998). The record clearly supports the district court's findings, and we conclude the district court did not err by denying Taylor's suppression motion.

Second, Taylor contends that insufficient evidence supports his conviction for grand larceny because the State failed to prove that the value of the 1998 Easy-Haul Trailer exceeded $2,500.[2] "[T]he State must prove by evidence beyond a reasonable doubt that the value of the property, by any reasonable standard, exceeds the statutory threshold amount." Stephans v. State, 127 Nev. ___, ___, 262 P.3d 727, 730 (2011) (internal quotation marks and brackets omitted). We review the evidence in the light most favorable to the prosecution and determine whether any rational juror could have found the essential elements of the crime beyond a reasonable doubt. McNair v. State, 108 Nev. 53, 56, 825 P.2d 571, 573 (1992). Here, the property owner testified that the trailer was insured for $7,500, he estimated that it would sell for $7,500 on the open market, and he believed that improvements he made to the trailer had increased its value to $9,500. We conclude that a rational juror could infer from this testimony that Taylor stole a trailer worth more than $2,500. See NRS 205.222(3) (1997); Dugan v. Gotsopoulos, 117 Nev. 285, 288, 22 P.3d 205, 207 (2001) (jury may consider property owner's testimony regarding the value of his property when the value is relevant to the case). It is for the

---

[2]Because Taylor committed his offense in February 2010, prior to the effective date of the current version of NRS 205.222, the prior version of the statute controls. See 1997 Nev. Stat., ch. 150, § 7, at 339.

 

jury to determine the weight and credibility to give conflicting testimony, and the jury's verdict will not be disturbed on appeal where, as here, sufficient evidence supports the verdict. Bolden v. State, 97 Nev. 71, 73, 624 P.2d 20, 20 (1981).

Third, Taylor contends that the district court erred by denying his motion for mistrial. We will not reverse a district court's denial of a motion for a mistrial "absent a clear showing of abuse." Ledbetter v. State, 122 Nev. 252, 264, 129 P.3d 671, 680 (2006) (internal quotation marks omitted). Here, Taylor objected to testimony that he was observed with a dump truck chained to a building and a skid-steer loader as evidence of other bad acts and in violation of a pretrial order. The district court ruled that evidence about the chain was admissible, ordered that witnesses were not to talk about the skid-steer loader, and offered to entertain motions for remedies for the inadvertent skid-steer loader testimony. Taylor withdrew his motion to strike and a motion for a curative instruction. However, after Officer Moon testified that a citizen made reference to suspicious vehicles and the recovery of a stolen vehicle from Taylor's address, Taylor moved for a mistrial based on the other bad acts evidence and Officer Moon's hearsay testimony. The district court found that Taylor's fundamental right to due process had not been violated and denied the motion for mistrial. We conclude that Taylor has not shown that the district court abused its discretion in this regard.

Finally, Taylor contends that cumulative error deprived him of a fair trial. However, because Taylor has failed to demonstrate any error, he was not deprived of a fair trial due to cumulative error. See Pascua v. State, 122 Nev. 1001, 1008 n.16, 145 P.3d 1031, 1035 n.16 (2006).

Having considered Taylor's contentions and concluded that he is not entitled to relief, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Saitta

cc: Hon. David B. Barker, District Judge
Linda A. Norvell Marquis
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk