This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**ONDINE SCOTT,**

    Plaintiff-Appellant,

v.                                                                                              **NO. 32,475**

**NICOLAS MORALES,**

    Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Nan G. Nash, District Judge**

Thomas C. Montoya
Albuquerque, NM

for Appellant

O'Brien & Padilla, P.C.
Daniel J. O'Brien
Alicia M. Santos
Albuquerque, NM

for Appellee

**MEMORANDUM OPINION**

**VANZI, Judge.**

{1} Plaintiff Ondine Scott appeals from a judgment entered in her favor against Defendant Nicolas Morales following a jury trial on the issue of causation and damages. The jury awarded Scott compensatory damages for, among other things, the reasonable loss of use of her vehicle, which had been totaled in an accident caused by Morales. Scott contends that it was error for the district court to not instruct the jury that she was entitled to recover both the reasonable value of the total loss of her vehicle and reasonable loss-of-use damages. We affirm.

{2} Scott and Morales were involved in an automobile accident. Prior to trial, Defendant stipulated to liability, leaving the issues of causation and damages to be tried to a jury. There was undisputed evidence at trial that Scott's vehicle was a total loss following the accident and could not be repaired. Scott testified that, from the time of the accident until the time of trial, she could not find or afford to purchase a replacement vehicle that was reliable and dependable. As a result, she shared her parents' vehicle, relied on family and friends to take her to work, and also incurred expenses when she rented a car from a friend.

{3} At trial, Scott submitted a proposed jury instruction in which she sought to claim, as an element of damages, "the fair market value of the property immediately before the occurrence" and "[t]he reasonable rental value of similar property during the period reasonably required for the repair or replacement of the damaged property[.]" After hearing argument from counsel, the district court ruled that Scott

2

was entitled to recover either the reasonable value of the totaled vehicle or the reasonable loss of use of the vehicle, but not both. Scott elected to seek damages for the loss of use of her vehicle, and the jury ultimately returned a verdict in her favor in the amount of $3,240.49. The only issue on appeal is whether a party can recover for both the reasonable value of the total loss of a vehicle and the reasonable loss of use of a vehicle.

**{4}**     While this case was pending—but before briefing was complete—this Court addressed the precise issue raised in this appeal. *See Behrens v. Gateway Court, LLC*, 2013-NMCA-097, 311 P.3d 822, *cert. granted*, 2013-NMCERT-009, 311 P.3d 452. As an initial matter, we appreciate the fact that Plaintiff's counsel informed us of *Behrens* decision in the reply brief and for conceding that *Behrens* is likely dispositive here. In *Behrens*, we affirmed the district court's ruling that the plaintiff could not seek loss-of-use damages for completely destroyed property. *Id.* ¶¶ 1, 16. In reaching our conclusion, we analyzed the relevant cases relied upon by the parties in this case, including *Curtis v. Schwartzman Packing Co.*, 1956-NMSC-070, 61 N.M. 305, 299 P.2d 776; *Cress v. Scott*, 1994-NMSC-008, 117 N.M. 3, 868 P.2d 648; and *Robb v. Universal Constructors, Inc.*, 665 F.2d 998 (10th Cir. 1981). *Behrens*, 2013-NMCA-097, ¶¶ 11-14. Further, we considered many of the arguments made here, including recognition of the developing trend in other jurisdictions allowing loss-of-use damages for completely destroyed property. *Id.* ¶ 15. Ultimately, however, our

holding was compelled by our Supreme Court's precedent in *Curtis*. *Behrens*, 2013-NMCA-097, ¶ 16. This Court determined that, under *Curtis* and New Mexico law, loss-of-use damages are available for reparable property but not for completely destroyed property. *Behrens*, 2013-NMCA-097, ¶ 16. Consequently, we held that the district court in *Behrens* did not err in denying the plaintiff's loss-of-use damages claim for the destroyed personal property. *Id.*

{5}    Based on our reasoning in *Behrens*, we reach the same result in this case. We conclude that Scott was entitled to either the reasonable value of her totaled vehicle or the reasonable loss of use of the vehicle. Thus, the district court in this case did not err in refusing Scott's proposed jury instruction that would have allowed an award of damages for both the total loss and the loss of use of the vehicle.

**CONCLUSION**

{6}    We affirm the district court's ruling that a party cannot recover damages for both the total loss of a vehicle and the loss of use of a vehicle.

{7}    **IT IS SO ORDERED.**

_____

**LINDA M. VANZI, Judge**

**WE CONCUR:**

_____

**RODERICK T. KENNEDY, Chief Judge**

4

_____

**JAMES J. WECHSLER, Judge**