# IN THE SUPREME COURT OF THE STATE OF NEVADA

JOHN BATTISTA GIORDANO,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 67521

FILED

JAN 14 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from an order of the district court denying a postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; J. Charles Thompson, Senior Judge.

On appeal from the denial of his October 7, 2013, petition, appellant John Giordano argues that the district court erred in denying his claims of ineffective assistance of trial counsel. To prove ineffective assistance of counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*). Both components of the inquiry must be shown, *Strickland*, 466 U.S. at 697, and the petitioner must demonstrate the underlying facts by a preponderance of the evidence, *Means v. State*, 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004). We give deference to the district court's factual findings if supported by substantial

16-01343

evidence and not clearly erroneous but review the court's application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

Giordano first argues that counsel was ineffective for not objecting to jury instruction no. 12 as an incorrect statement of law regarding possession of a stolen vehicle. Giordano has failed to demonstrate deficiency or prejudice. Giordano was not convicted of possession of a stolen vehicle, so the claim is moot. Insofar as Giordano intends his argument to apply to the conviction for grand larceny auto, he has failed to provide this court with a copy of the jury instructions, which precludes our review of his claims.[1] *See Greene v. State*, 96 Nev. 555, 558, 612 P.2d 686, 688 (1980) ("The burden to make a proper appellate record rests on appellant."). However, even assuming that the jury was instructed as Giordano claims, it was not an incorrect statement of law as it limited the jury to considering only relevant evidence. *See Dugan v. Gotsopoulos*, 117 Nev. 285, 288, 22 P.3d 205, 207 (2001).

Giordano next argues that counsel was ineffective for failing to object to the admission of evidence regarding the value of the stolen motorhome. Giordano has failed to demonstrate deficiency or prejudice. A petitioner is not entitled to relief on claims that are bare or belied by the record. *See Hargrove v. State*, 100 Nev. 498, 502-03, 686 P.2d 222, 225

---

[1]For the same reason, we do not consider Giordano's suggestion that counsel's failure to object to jury instruction no. 6 was an example of ineffective assistance of counsel. And while Giordano appears to have at least quoted jury instruction no. 12 in its entirety in his Fast Track Statement, he has not quoted any portion of jury instruction no. 6.

(1984). Counsel did object to the admission of the Kelly Blue Book pages and NADA documentation, including the detective's and victim's testimony regarding the latter. Thus the facts underlying his claim are belied by the record. Further, Giordano's claim is bare insofar as he does not identify any other part of the victim's testimony that counsel should have objected to, especially given that "[a] party to a lawsuit may testify as to the value of her personal or real property." *Dugan*, 117 Nev. at 288, 22 P.3d at 207.

Giordano next argues that counsel was ineffective for failing to object to the admission of certain evidence on the ground of prosecutorial misconduct. Giordano has failed to demonstrate deficiency or prejudice. On the fourth day of trial, the State disclosed that it had "yesterday" requested from the Department of Motor Vehicles information regarding the license plate that was found on the recovered motorhome, and that it had only requested the information because of the tenor of questioning during trial. Counsel objected to the admission of the records on various grounds, but not for prosecutorial misconduct. "Our evaluation begins with the 'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" *Means*, 120 Nev. at 1011, 103 P.3d at 32 (quoting *Strickland*, 466 U.S. at 689). Giordano makes only a bare statement that the State engaged in misconduct, and despite bearing the burden of proof, he did not examine trial counsel regarding this issue at the evidentiary hearing. He has thus failed to demonstrate that counsel was ineffective.

Giordano next argues that counsel was ineffective for failing to investigate the background of or request physical or psychological

examinations of the victim. Giordano has failed to demonstrate deficiency or prejudice. A petitioner claiming counsel did not conduct an adequate investigation bears the burden of showing what a more thorough investigation would have yielded or how it would have affected the outcome of the trial. *Molina v. State*, 120 Nev. 185, 192, 87 P.3d 533, 538 (2004). Giordano's bare claim fails to state what additional background investigation counsel should have undertaken or to provide any authority suggesting that counsel could have successfully sought an examination of the victim. Further, Giordano does not state what the results of such investigations would have been.[2]

Giordano next argues that counsel was ineffective for failing to investigate Giordano's history of mental illness with an eye toward developing a defense of insanity or that he lacked specific intent. Giordano has failed to demonstrate deficiency or prejudice. Counsel testified that he did not question Giordano's mental state at the time of the crimes because he was able to recall events and his recollection was not inconsistent with the physical evidence. Giordano has not

---

[2]Giordano complains that the district court failed to address his motion to produce victim impeachment information, and he requests remand for the district court to address the motion and to make evidentiary findings. Because this claim was not raised until his reply, it is not properly before this court. *See* NRAP 3C(e)(3) ("The reply must be limited to answering matters set forth in the Fast Track Response."). Further, the "motion" below was not properly before the district court as it was made within Giordano's reply to the State's response to his petition. *See* EDCR 2.20, 3.20. Accordingly, we do not reach the merits of this claim.

demonstrated that this was objectively unreasonable. Further, Giordano has presented no evidence that he was insane or unable to form the necessary specific intent at the time of the crimes.[3]

Giordano next argues that counsel was ineffective for failing to investigate Giordano's criminal history, which was used to adjudicate him an habitual criminal. Giordano has failed to demonstrate deficiency or prejudice. Counsel testified that he discussed Giordano's prior convictions with him and that Giordano did not indicate there were any inaccuracies. Further, Giordano has failed to allege or demonstrate that any of the convictions were inappropriately used to adjudicate him an habitual criminal.

Giordano next argues that counsel was ineffective for failing to challenge law enforcement's inventory search of the motorhome and to file a motion to sever. Giordano's bare claims have failed to demonstrate deficiency or prejudice. Giordano provides no basis on which counsel could have challenged either the search or the joinder of crimes. He also fails to state how the suppression of any evidence resulting from the search would have affected the outcome of trial or presented any argument suggesting that a motion to sever would have been successful.

Finally, Giordano argues that the cumulative errors of counsel warrant reversal of his convictions. Even assuming that multiple

---

[3]Giordano complains that the district court failed to address his motion for a psychiatric evaluation at the State's expense. For the same reasons as with his victim-impeachment motion, we do not reach the merits of this claim.

deficiencies in counsel's performance may be cumulated to establish prejudice, *see McConnell v. State*, 125 Nev. 243, 259, 212 P.3d 307, 318 (2009), Giordano has failed to demonstrate any deficiencies to cumulate.

For the foregoing reasons, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Saitta

_____, J.
Pickering

cc:    Chief Judge, The Eighth Judicial District Court
Hon. J. Charles Thompson, Senior Judge
Bailus Cook & Kelesis
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk